IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| BARRY MARCEL VAUGHN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:13-03292 |
| | ) | Criminal Action No. 5:08-00266 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside

or Correct Sentence by a Person in Federal Custody.[1] (Document Nos. 214, 228.) By Standing

Order, this matter was referred to the undersigned United States Magistrate Judge for submission

of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §

636(b)(1)(B). (Document No. 217.)

FACTUAL BACKGROUND

By a single count Indictment filed on December 9, 2008, Movant was charged with

knowingly and intentionally distributing a quantity of oxycodone, a Schedule II controlled

substance, in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 5:08-00266, Document No.

1.) Following his arrest, Ms. Kimberly Mann was appointed as counsel on January 26, 2009. (Id.,

Document No. 22.) On February 20, 2009, Ms. Mann filed a Motion to Withdraw as Counsel. (Id.,

Document No. 23.) By Order entered on February 23, 2009, the undersigned granted Ms. Mann's

Motion and appointed Mr. Barron M. Helgoe as counsel. (Id., Document Nos. 24 and 26.) On March

_____

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

12, 2009, Mr. Helgoe filed a Motion to Withdraw as counsel. (Id., Document No. 29.) By Order entered on March 13, 2009, the undersigned granted Mr. Helgoe's Motion to Withdraw and appointed Mr. Timothy P. Lupardus as counsel. (Id., Document Nos. 31 and 32.) By a Superseding Indictment filed on July 14, 2009, Movant was charged with conspiracy to distribute quantities of oxycondone, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (Count One); and knowingly and intentionally distributing a quantity of oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Two). (Id., Document No. 43.) On July 17, 2009, the United States filed an Information pursuant to 21 U.S.C. § 851 seeking the imposition of enhanced penalties if Movant was convicted of either Count One or Count Two as charged in the Superseding Indictment. (Id., Document No. 49.) Mr. Lupardus filed a Motion to Withdraw as Counsel on February 16, 2010, and Movant filed a Motion to Appoint New Counsel on February 17, 2010. (Id., Document Nos. 111 and 114.) Following a two-day jury trial commencing on February 18, 2010, Movant was convicted of Count Two of the Superseding Indictment. (Id., pp. 117, 118, and 120.) Movant filed his Notice of Appeal on March 1, 2010. (Id., Document No. 127.)

On March 3, 2010, Movant filed a *pro se* Motion for New Trial. (Id., Document No. 131.) On March 21, 2010, The United States filed a Motion to Dismiss Count One of the Superseding Indictment. (Id., Document No. 134.) By Order entered on April 7, 2010, the District Court denied Movant's Motion for New Counsel and granted the United States' Motion to Dismiss. (Id., Document No. 135.) Although the District Court denied Movant's Motion, the Court determined that the appointment of new counsel would be in the best interest of all parties and stayed Movant's Motion for New Trial pending appointment of new counsel. (Id.) On April 15, 2010, Mr. S. Mason Preston was appointed as counsel. On May 4, 2010, Mr. Preston filed a Motion to Withdraw as Counsel. (Id., Document No. 147.) By Order entered the same day, the District Court granted Mr.

Preston's Motion to Withdraw as Counsel. (Id., Document No. 148.) On May 5, 2010, Mr. Richard

Gunnoe was appointed as counsel. (Id., Document No. 149.) On July 29, 2010, Mr. Gunnoe filed

a Motion to Withdraw as Counsel. (Id., Document No. 156.) By Order entered on July 30, 2010, the

District Court granted Mr. Gunnoe's Motion to Withdraw. (Id., Document No. 157.) On August 2,

2010, Movant filed his Motion to Challenge Career Offender Status. (Id., Document No. 158.) On

August 3, 2010, Mr. Derrick W. Lefler was appointed as counsel. (Id., Document No. 159.)

On December 30, 2010, Movant, by counsel, filed a Supplemental Motion for New Trial

arguing as follows: (1) "The evidence offered at trial by the United States was insufficient to support

the verdict of the jury;" (2) "The court erred in denying defendant's Motion for Acquittal;" (3) "The

defendant was denied due process as guaranteed by the 5th Amendment to the United States

Constitution, by virtue of the failure of the United States to preserve the currency, or the means by

which to identify such currency, which was alleged to have been used in the controlled buy, and

seized from co-defendant, Darryl Limit;" and (4) Ineffective assistance of trial counsel. (Id.,

Document No. 172.) The United States filed its Response on January 21, 2011. (Id., Document No.

174.) Movant filed a Motion for Ineffective Assistance of Counsel on January 25, 2011, and Mr.

Lefler filed a Motion to Withdraw as Counsel on January 26, 2011. (Id., Document Nos. 176 and

177.) On February 7, 2011, the District Court denied Mr. Lefler's Motion to Withdraw as Counsel.

(Id., Document No. 185.) By Memorandum Opinion and Order entered on February 9, 2011, the

District Court denied Movant's Motion for New Trial. (Id., Document No. 187.)

A Presentence Investigation Report was prepared. (Id., Document No. 202.) The District

Court determined that Movant had a Base Offense Level of 14, and a Total Offense Level of 34, the

Court having found that Movant met the criteria for a career offender enhancement pursuant to

U.S.S.G. § 4B1.1(a). (Id., pp. 8 - 9.) The District Court sentenced Movant on February 11, 2011, to

serve a 188-month term of incarceration to be followed by a five-year term of supervised release. (Id., Document Nos. 51 and 52.) The District Court also imposed a $100 special assessment. (Id.)

On February 17, 2011, Movant filed his Notice of Appeal. (Id., Document No. 195.) In his appeal, Movant argues that the District Court erred in denying his Motion for a New Trial. United States v. Vaughn, 453 Fed.Appx. 424 (4th Cir. Nov. 14, 2011). On November 14, 2011, the Fourth Circuit affirmed the District Court's judgment. Id. Movant filed a petition for certiorari in the United States Supreme Court, which was denied on March 19, 2012. Vaughn v. United States, ___ U.S. ___, 132 S.Ct. 1778, 182 L.Ed.2d 555 (2012).

On February 22, 2013, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 5:13-03292, Document Nos. 214 and 215.) As grounds for *habeas* relief, Movant alleges as follows:

> **Ground One:** Counsel was ineffective where he failed to pursue Vaughn's right under the Tenth amendment.
>> Vaughn was convicted under Section 841. A statute that rests on the commerce clause. It is beyond dispute that in order for Vaughn to be guilty of this offense his conduct must have had some type affect on commerce, and that Vaughn knew that his conduct affected commerce. Was counsel ineffective where he permitted Vaughn to be convicted despite the fact that commerce was not charged or proven beyond a reasonable doubt. Moreover, that the government did not prove that Vaughn knew that his conduct had affected commerce.

> **Ground Two:** Counsel was ineffective for failing to challenge the constitutionality of the career offender section of the Guidelines.
>> Trial counsel in this case had an opportunity to challenge the constitutionality of Section 4B1.1 of the U.S.S.G. This section of the Guidelines endorses the re-evaluation of Vaughn's alleged prior convictions to include characterizing them outside their actual class.

> **Ground Three:** The Supreme Court will soon decide two significant cases that will directly affect Vaughn's sentence.

> This court found facts that vaulted Vaughn's sentence by over a decade in prison. Will the Supreme Court decisions require the sentence be vacated? Vaughn preserves the matter for arguments under *Descamps* and *Alleyne*.

(Id.)

On September 14, 2015, Movant filed an Addendum to his Section 2255 Motion. (Id., Document No. 228.) Citing Johnson v. United States, __ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Movant argues that the District Court improperly applied a career offender enhancement. (Id.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States

5

Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review.

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**1.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical

decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United

States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v.

Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake,

ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477

U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented

by counsel whose performance is not constitutionally ineffective under the standard established in

Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney

error that results in a procedural default.") The movant must therefore show (1) that his attorney's

performance was constitutionally inadequate, i.e., that he committed errors so serious that his

performance "fell below an objective standard of reasonableness" and (2) that his attorney's

performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the

result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson,

943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

A.      **Counsel's failure to challenge the sufficiency of the Superseding Indictment:**

Movant argues that trial counsel acted ineffectively by failing to challenge his Superseding

Indictment, which was allegedly defective. (Document Nos. 214 and 215.) Movant contends that his

Superseding Indictment was defective because it failed to allege an essential element of the offense

– an affect upon interstate commerce. (Id.) Specifically, Movant claims that "counsel was ineffective

where he permitted Vaughn to be convicted despite the fact that commerce was not charged or proven beyond a reasonable doubt." (Id.)

"[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar future prosecution for the same offense." United States v. Rendelman, 641 F.3d 36, 44 (4th Cir. 2011). To establish distribution under 21 U.S.C. § 841(a)(1), the government must prove "that (1) [the] defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, and (2) at the time of such distribution the defendant knew that the substance distributed was a controlled substance under the law." United States v. Alerre, 430 F.3d 681 (4th Cir. 2005); also see United States v. Shaw, 2008 WL 161904, * 2 (S.D.W.Va. Jan. 15, 2008)(J. Johnston). Thus, an affect on interstate commerce is not an essential element under Section 841(a)(1). See United States v. Reynolds, 10 Fed.Appx. 62 (4th Cir. 2001)(finding that Section 841(a)(1) is not unconstitutional because it lacks a jurisdiction element; Congress made detailed findings that intrastate manufacture, distribution, and possession of controlled substances directly affected interstate drug trafficking); United States v. Leshuk, 65 F.3d 1105, 1112(4th Cir. 1995)(upholding the constitutionality of the Drug Act against a Commerce Clause challenge by concluding that Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances"); United States v. Dawson, 425 F.3d 389, 392 (7th Cir. 2005)(Sections 841 and 846 do not make effect on commerce an element of the crime); Richardson v. United States, 2012 WL 4747253 (N.D.W.Va. Oct. 4, 2012)("it is not an element of the offense for distribution of crack cocaine that the drugs traveled in interstate commerce"); Davis v. United States, 2009 WL 1628882 (W.D.N.C. June 10, 2009)("[N]either 21 U.S.C. § 841(a)(1) nor 18 U.S.C. § 924(c) contains an essential element

9

requiring that the charged offense be committed on federal property or affect interstate commerce

as asserted by Petitioner. Jurisdiction is permitted in the district court due to the fact that the statutes

at issue are laws of the United States enacted by Congress and federal courts have jurisdiction over

cases arising from federal laws."); Smith v. United States, 2007 WL 160996, * 3 (E.D. Tenn. Jan.

16, 2007)(finding that interstate commerce is not an essential element for a conviction under Section

841(a)(1) and the United States has authority to prosecute a person for drug trafficking that took

place in a State on an individual's private property). The undersigned, therefore, finds that any

argument by trial counsel concerning the insufficiency of the Superseding Indictment due to

Government's failure to charge an affect on interstate commerce would have been without merit.

Accordingly, Movant's above claim of ineffective assistance of counsel should be denied. See

United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to

raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel

claim because the result of the proceeding would not have been different had the attorney raised the

issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be

no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless

argument").

### B.      Counsel's alleged misrepresentation regarding sentencing.

Movant argues that "counsel was ineffective for failing to challenge the constitutionality of

the career offender section of the Guidelines." (Document Nos. 214 and 215.) Movant argues that

the "Guidelines endorses the re-evaluation of Vaughn's alleged prior convictions to include

characterizing them outside their actual class." (Id.) Specifically, Movant argues that his 2002

conviction was not a felony. (Id.)

U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was

at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4A1.2(a)(1) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(4). When a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) provides as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separate by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

The undersigned finds that defense counsel did not act ineffectively concerning the application of the career offender sentencing enhancement. According to the Presentence Report, Movant pled guilty on August 14, 2000, in the Third Circuit Court, Detroit, Michigan, to "Attempted Possession with Intent to Deliver Heroin" (00-5953) and was placed on two years probation. (Criminal Action No. 5:08-0266, Document No. 202, p. 10, ¶ 43.) On June 10, 2002, Movant pled guilty in the Southern District of West Virginia to "Distribution of a Quantity of Cocaine Base" and was sentenced to 76-months imprisonment. (Id., ¶ 64.) Movant appears to contend that his above convictions did not meet the requirements of U.S.S.G. § 4B1.1(a)(3). U.S.S.G. § 4B1.1(a)(3) requires that "the defendant has at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." Movant clearly had two prior felony controlled substances convictions. Despite Movant's arguments to the contrary, counsel did object to Movant's 2000 conviction being used as a qualifying felony conviction. (Document Nos. 179, 202, 204.) The

11

District Court considered arguments from counsel and testimony from United States Probation

Officer Alex Alvarez. (Criminal Action No. 5:08-cr-00266, Document No. 204, pp. 54 - 56.) During

the Sentencing Hearing, Probation Officer Alvarez testified concerning the details of his

investigation and research that lead him to the conclusion that Movant's 2000 conviction constituted

a prior felony offense. (Id., pp. 55 - 58.) The District Court concluded that "Mr. Vaughn's August

14th, 2000, conviction for attempted possession with intent to deliver heroin, a violation of 333,

Section 7404(a) and 333, Section 7401(2)(a)(iv) of Michigan Compiled Laws designates this

particular offense when read together as a felony punishable by imprisonment for not more than 20

years." (Id., p. 59.) The undersigned, therefore, finds that Movant's controlled substance convictions

were properly considered by the District Court pursuant to U.S.S.G. § 4B1.1 and Movant met the

criteria for career offender status. Accordingly, there is no indication that trial counsel acted

ineffectively concerning Movant's career offender enhancement.

**2.      Alleyne is Inapplicable:**

Citing Alleyne and Descamps, Movant states that "the Supreme Court will soon decide two

significant cases that will directly affect Vaughn's sentence." (Document No. 214.)

In Alleyne, the Supreme Court held that any fact increasing the mandatory minimum penalty

for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury.

Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[2] The undersigned,

therefore, will consider whether Alleyne is retroactive for purposes of collateral review. Alleyne

establishes a new rule of criminal procedure, rather than a substantive change in the law. Harris v.

United States, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal

---

[2] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The undersigned notes that *Apprendi* is not retroactive on collateral review.

procedure do not apply retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has recently determined that Alleyne is not retroactive for purposes of collateral review. United States v. Stewart, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); also see United States v. Redd, ___ F.3d ___, 2013 WL 5911428, * 3 (2nd Cir. 2013); Simpson v. United States, 721 F.3d, 875 (7th Cir. 2013); Manning v. United States, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); Muhammad v. Purdue, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); United States v. Reyes, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); United States v. Eziolisa, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon Alleyne.

In Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that Descamps is not retroactive to cases on collateral review. See United States v. Sanders, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); Roscoe v. United States, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); Reed v. United States, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); Landry v. United States, 2013 WL 5555122 (W.D.Tex. Oct. 4, 2013). Additionally, Movant was not sentenced under the ACCA nor was his sentence enhanced under the Guidelines based upon a past conviction for a "violent felony." Therefore, the undersigned finds that Movant is not entitled to *habeas* relief based upon Descamps.

**3.      Johnson is Inapplicable:**

In his Amended Motion, Movant argues that his career offender sentencing enhancement should be vacated based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d

569 (2015). As stated above, U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Recently, this Court held that "enhancing a convicted individual's sentence under the residual clause of the career offender enhancement, § 4B1.2(a)(2), denies due process of law because the residual clause is unconstitutionally vague." United States v. Litzy, 2015 WL 5895199 (S.D.W.Va. Oct. 8, 2015)(J. Chambers), citing Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In the instant case, however, Movant's guideline range was not enhanced pursuant to the residual clause of U.S.S.G. § 4B1.2(a)(2). The record reveals that Movant's sentence was enhancement because (1) Movant was at least 18 years of age at the time of his underlying offense; (2) the count of conviction was a felony controlled substance offenses; and (3) Movant had at least two prior felony controlled substances offenses. (Criminal Action No. 5:08-0266, Document No. 202, pp. 8 - 10.) Movant's sentence, therefore, was not enhanced based upon the residual clause of Section 4B1.2(a)(2). Accordingly, Movant's above claim is without merit.

<u>**PROPOSAL AND RECOMMENDATION**</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document Nos. 214 and 228) and **REMOVE** this matter from the Court's docket.

14

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: December 16, 2015.

R. Clarke VanDervort
United States Magistrate Judge