**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

BARRY M. VAUGHN,

Petitioner,

v.

CIVIL ACTION NO.   5:13-cv-03292
(Criminal No. 5:08-cr-00266-01)

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 233), the *Petitioner's Response to the Proposed Findings and Recommendation* (Document 236), the *Petitioner's Addendum Response to the Court's Proposed Findings and Recommendation* (Document 240), the Petitioner's *Motion Under 28 U.S. C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (Document 214) and *Memorandum of Law in Support* (Document 215), as well as the *Addendum to 28 U.S.C. §2255 Motion* (Document 228).  For the reasons set forth herein, the Court finds that the *Proposed Findings and Recommendation* should be adopted, and the Defendant's objections overruled.

**PROCEDURAL HISTORY**

The procedural history of the Petitioner's underlying conviction under 21 U.S.C. §841(a)(1), motions for post-trial relief, and appeal to the Fourth Circuit have been set forth in detail by the Magistrate Judge in his PF&R.   In order to provide context for the rulings contained

herein, the Court provides the following brief summary.   The present case began on February 22, 2013, when the Petitioner, acting *pro se*, filed his *Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* and *Memorandum in Support*.   The Petitioner, as grounds for post-conviction relief, alleges that his counsel was constitutionally ineffective, and that pending cases before the United States Supreme Court will directly affect his sentence.   On September 14, 2015, the Petitioner filed an *Addendum* to his Section 2255 petition, in which he argued that the application of the Career Offender enhancement to his sentence constitutes error under *Johnson v. United States*.

On December 16, 2015, Magistrate Judge VanDervort filed his PF&R.   The Magistrate Judge found that the Petitioner's claims were without merit, and therefore recommended that this Court deny the Petitioner's Section 2255 Motion, and remove the matter from the Court's docket. (PF&R, at 14.)   On January 25, 2016 the Petitioner filed his *Response*, wherein he made multiple objections to the Magistrate Judge's PF&R.   The Petitioner filed an *Addendum Response* on February 2, 2016.   The Petitioner's Section 2255 Motion, and the Magistrate Judge's PF&R, are therefore ripe for review.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings and recommendations for a prisoner's Section 2255 motion, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).   However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## APPLICABLE LAW

Motions for post-conviction relief by federal inmates are governed by 28 U.S.C. §2255 (Section 2255).   To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack."  28 U.S.C. § 2255.   A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence.   *Sutton v. United States*, 2006 WL 36 859 at * 2 (E.D.Va. Jan. 4, 2006).

While Section 2255 provides federal inmates with a procedural right to test the legality of their detention, it does not grant unfettered discretion to the inmate to challenge any and all aspects of the underlying conviction and sentence.   The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. *Sunal v. Large*, 332 U.S. 174, 178 (1947). Constitutional claims for relief that were not raised on direct appeal are, as a general rule, subject to procedural default, and not cognizable in a Section 2255 motion.   *See, e.g., Bousley v. United*

*States*, 523 U.S. 614, 621-22 (1998); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Mikalajunas*, 186 F.3d 490, 492-95 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).   To overcome the procedural default rule, an inmate must show "cause and prejudice" resulting from the errors, or that a "miscarriage of justice" would result from the Court's refusal to entertain a procedurally defaulted claim. *Mikalajunas*, 186 F.3d at 493.   To establish cause, an inmate must establish a nexus between the failure to raise the defaulted claim on direct appeal and some external factor, such as the novelty of the claim, an intervening change in law made retroactive to the inmate's case, or ineffective assistance of counsel.   *Id*.   Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997).   To establish a miscarriage of justice, the Fourth Circuit has required inmates to show actual innocence of the underlying offense.   *Id*., *accord Murray*, 477 U.S. at 496.

Further, Section 2255 does not permit re-litigation of issues decided on direct appeal.   In *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.) (per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]."   An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. *See Davis v. United States*, 417 U.S. 333, 342 (1974).

Claims of constitutionally ineffective assistance of counsel, raised pursuant to the Sixth Amendment, are an exception to the general procedural default rule, and as such, may be appropriately made for the first time in a Section 2255 petition.   When a movant claims ineffective

assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).   *Strickland* set forth a two-pronged test for determining whether a defendant received adequate assistance of counsel. *Id*.   The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687 - 691.   There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. *Strickland*, 466 U.S. at 688-89.   The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977).   The second prong is prejudice.   The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. *Murray*, 477 U.S. at 478.

## DISCUSSION

### A.  *The Petitioner's Ineffective Assistance of Counsel Claims*

The Petitioner raises a number of objections in his Response and Addendum Response concerning the Magistrate Judge's findings on his claims for constitutionally ineffective assistance of counsel.   The Petitioner's first objection challenges the District Court's finding, in sentencing the Defendant, that he was a career offender under U.S.S.G. §4B1.1.   The Petitioner argues that a

conviction for attempt is insufficient to satisfy the predicate offense requirements of Section 4B1.1(a). (*Response*, at 1.)   One of the Petitioner's predicate offenses was a felony conviction under Michigan law for attempted distribution of heroin, and the Petitioner therefore argues that the District Court's application of the career offender provision was improper.   (*Id*.)   Because his trial counsel failed to raise this objection at his sentencing, the Petitioner argues that his counsel was constitutionally ineffective.   In his Addendum Response, the Petitioner expands this argument to include the claim that his trial counsel failed to adequately research his prior Michigan offense, and that thorough research would have revealed that the sentencing guidelines range for his Michigan offense was less than one year.   (Addendum Response, at 2.)   As such, the Petitioner claims that his counsel was constitutionally ineffective, as adequate research would have allowed counsel to present stronger arguments in opposing a sentencing enhancement as a Career Offender.

        In his PF&R, Magistrate Judge VanDervort found that the Defendant's prior conviction for attempted distribution with intent to distribute heroin, in violation of 333, Section 7404(a), and 333, Section 7401(2)(a)(iv) of the Michigan Compiled Laws, clearly constituted a "controlled substance offense" under Section 4B1.1(a).   (PF&R, at 11.)   The Court agrees.   Section 4B1.1 allows a District Court to find that a criminal defendant is a career offender and impose a sentencing enhancement if, prior to the instant offense, the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."   U.S.S.G. §4B1.1(a). The Defendant's prior conviction under Michigan law clearly falls within the "felony conviction" and "controlled substance offense" language of this provision, and the Petitioner has provided no case law or argument to suggest otherwise.   The fact that the Petitioner alleges that his "guidelines

range" for purposes of Michigan sentencing was less than one year has no bearing on this conclusion.   Even if the Court accepts the Petitioner's claim, the Petitioner himself acknowledges that, for purposes of Section 4B1.1, a controlled substance offense is any "offense under federal or state law punishable by imprisonment for a term exceeding one year."   U.S.S.G. §4B1.2(b). Moreover, a review of the Michigan statute which the Petitioner violated reveals that the Petitioner faced a maximum sentence of up to twenty years for this offense.   Therefore, the Petitioner's Michigan conviction fell squarely under the ambit of Section 4B1.1(a) of the sentencing guidelines, and the District Court properly determined that the Petitioner was a career offender. The Court, therefore, finds that the Petitioner's first objection must be overruled.

The Petitioner also relied upon the Supreme Court's holding in *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), to argue that his career offender enhancement must be vacated.   In that case, the Supreme Court held that the residual clause of the Armed Career Criminal act, 18 U.S.C. §924(e)(2)(B)(ii), and the definition of a "violent felony" contained therein, was unconstitutionally vague.   *Johnson*, 135 S.Ct. at 2560.   Had the Petitioner received a sentencing enhancement based on the residual clause of the Armed Career Criminal Act, *Johnson* may have supported his claim.   But that is not the case.   The Petitioner received a sentencing enhancement under the career offender provision of Section 4B1.1 of the sentencing guidelines.   Moreover, that enhancement was not for a "crime of violence," but rather, due to the Petitioner's prior conviction for a controlled substance offense.   Thus, the Court's imposition of a sentencing enhancement was appropriate.

The Petitioner's second objection is that the Magistrate Judge improperly denied his claim that his counsel was ineffective for failing to pursue his rights under the Tenth Amendment.

(Response, at 2.)   The Petitioner argues that there was no evidence that the offense for which he was convicted involved interstate commerce, and that his counsel was constitutionally ineffective in failing to raise this argument.   (*Id*.)   In his PF&R, Magistrate Judge VanDervort correctly construed the Petitioner's argument as a claim that his counsel was constitutionally ineffective for failing to challenge the sufficiency of the indictment filed against him, on the grounds that it failed to allege an essential element of an offense under 21 U.S.C. Section 841(a)(1).   (PF&R, at 9.) The Magistrate Judge found that in the Fourth Circuit, an effect on interstate commerce was not an "essential element" of an indictment under Section 841(a)(1).   (PF&R, at 9, citing *United States v. Reynolds*, 10 Fed.Appx. 62 (4th Cir. 2001).)   Thus, the Magistrate Judge found that the Petitioner's claim for ineffective assistance of counsel failed on the merits.

The Court finds that the Magistrate Judge correctly applied Fourth Circuit precedent to the Petitioner's claim.   At trial, the Defendant was convicted of knowingly or intentionally distributing a controlled substance in violation of federal law.   As the Magistrate Judge correctly noted, such a finding is sufficient to sustain the Defendant's conviction under Section 841(a)(1), absent any showing of interstate distribution of narcotics, or impact on interstate commerce.   *See, e.g.*, *United States v. Leshuk*, 65 F.3d 1105 (4th Cir. 1995) (holding that Congress "may regulate intrastate drug activities under the Commerce Clause"); *see also United States v. Larkin*, 442 Fed.Appx. 884, 887 n.1 (4th Cir. 2011) (unpublished) (denying defendant's claim that district court lacked subject matter jurisdiction due to the absence of facts related to interstate commerce); *United States v. Gant*, 2016 WL 66563 (Mem) (4th Cir. 2016) (unpublished) (Congress may regulate intrastate possession of a controlled substance where there is an interstate market for the controlled substance) (citing *Gonazales v. Raich*, 545 U.S. 1, 17-22 (2005).)   As the Government

was not required to set forth facts establishing the Defendant's connection to interstate commerce to sustain an indictment under Section 841(a)(1), the Magistrate Judge was correct in finding that the failure of the Petitioner's counsel to raise an argument on these grounds at trial or sentencing did not constitute ineffective assistance of counsel. *See, e.g.*, *Green v. United States*, 2013 WL 2389793, at *1 (N.D.W.Va. May 30, 2013) (Bailey, C.J.) (failure of counsel to raise meritless argument that indictment was insufficient absent facts alleging Petitioner's involvement in interstate commerce did not constitute ineffective assistance).   The Court, therefore, finds that the Petitioner's second objection must be overruled.

The Petitioner's third objection is that his counsel was ineffective in failing to challenge the constitutionality of the Career Offender provisions of Section 4B1.1.  (*Response*, at 2.)   In making this argument, the Petitioner relies upon the same theory which formed the basis for his first objection: that the career offender provisions of the Sentencing Guidelines are unconstitutional as applied to his criminal history, and that his trial counsel was constitutionally ineffective in failing to argue this at sentencing.   The Petitioner provides no basis for any claim that Section 4B1.1 is unconstitutional.   Rather, he merely asserts that his trial counsel was obligated to raise this claim at sentencing absent any clear basis in either the text of the Constitution or relevant precedent.   This argument cannot prevail.   There is no basis for claiming counsel was ineffective in failing to raise a constitutional argument for which there is no precedential or logical basis.   The Petitioner met the criteria for the Career Offender enhancement under Section 4B1.1, and the District Court properly applied the enhancement.   Thus, the Court finds that the Petitioner's third objection must be overruled.

B.  *The Petitioner's Precedential Claim*

The Petitioner's fourth objection to the Magistrate Judge's PF&R is that pending Supreme Court precedent will "directly affect" his sentence, by "reducing it substantially."   In his Section 2255 motion, the Petitioner argued that two cases then pending before the Supreme Court, *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Descamps v. United States*, ____ U.S. ____, 133 S.Ct. 2276, 186 L.Ed. 438 (2013), would affect the constitutionality of his sentence.   (Section 2255 Petition, at 7.)   The Petitioner provided few details as to how these cases would affect his sentence.   In *Alleyne*, the Court held that facts which increase the mandatory minimum for a particular offense must be set forth in the indictment. *Alleyne*, 133 S.Ct. at 2151.   Applying a liberal construction, the Petitioner appears to argue that the Government was compelled to articulate in the indictment all facts which would increase his sentence, including facts related to his prior convictions.   Meanwhile, in *Descamps*, the Court held that in applying the Armed Career Criminal Act, the sentencing judge may not use the "modified categorical" approach to determine if a defendant's prior conviction was a crime of violence, if the elements for the prior offense were indivisible.   Again applying a liberal construction, the Petitioner appears to argue that this Court improperly applied the career offender enhancement to his prior convictions.   In reviewing this claim, the Magistrate Judge found that neither *Alleyne* nor *Descamps* apply retroactively, and that the Petitioner was therefore unable to rely on these holdings to support a reduction in his sentence.   (PF&R, at 13.)

The Magistrate Judge was correct.   *Alleyne* establishes a new rule of criminal procedure, and absent explicit instructions from the Supreme Court to the contrary, new rules of criminal procedure generally do not apply retroactively to cases on collateral review. *Terry v. United States*,

2015 WL 5786804, at *7 (S.D.W.V. September 30, 2015) (slip op.) (citing *Teague v. Lane*, 489

U.S. 288, 303 (1989).)   Moreover, the First, Third, and Sixth Circuits have held that *Alleyne* does

not have retroactive effect.   *Butterworth v. United States*, 775 F.3d 459, 469 (1st Cir. 2015);

*United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Mazzio*, 756 F;3d 487, 489–92 (6th

Cir. 2014).   Similarly, several Circuit Courts, as well as district courts in the Fourth Circuit, have

found that *Descamps* is not retroactive on collateral review. *See e.g.*, *In re Jackson*, 776 F.3d 292,

296 (5th Cir.2015); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir.2014); *Wilson v. Warden,*

*FCC Coleman*, 581 Fed. Appx. 750, 753 (11th Cir.2014) ("The Supreme Court itself has not

expressly declared *Descamps* to be retroactive to cases on collateral review.   Moreover,

*Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since

applied it to a case on collateral review."); *Briscoe v. United States*, 2015 WL 2451420

(N.D.W.Va. May 21, 2015) (Bailey, J.) (slip op.).   The Magistrate Judge further found that

*Descamps* was inapplicable, because the Supreme Court's decision addressed the Armed Career

Criminal Act and sentences where an enhancement was applied for a violent felony. (*Id*.)   The

Magistrate Judge's finding is clearly correct, and therefore, the Court finds that the Petitioner's

fourth objection must be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the

Magistrate Judge's *Proposed Findings and Recommendation* (Document 233) be **ADOPTED**, that

the objections contained in Petitioner's *Response* (Document 236) and *Addendum Response*

11

(Document 240) be **OVERRULED**, and that the *Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 214) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Magistrate Judge, to counsel of record, and to any unrepresented party.

ENTER:    February 22, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

12